**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1193
_____

DANIEL L. SPUCK,
                              Appellant

v.

COMMONWEALTH OF PENNSYLVANIA,
JANE/JOHN DOE, LEADER/HEAD OF
COMMONWEALTH OF PENNSYLVANIA

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 1:22-cv-00341)
District Judge: Honorable Cathy Bissoon

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
On April 25, 2023

Before:  SHWARTZ, BIBS, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed: April 25, 2023)

_____

## OPINION[*]

PER CURIAM

Daniel Spuck, proceeding pro se, appeals an order of the United States District Court for the Western District of Pennsylvania denying his motion for a preliminary injunction and dismissing his complaint with prejudice. For the reasons that follow, we will affirm the judgment of the District Court.

Spuck filed a complaint against the Commonwealth of Pennsylvania and Jane/John Doe, "Leader/Head" of the Commonwealth. Spuck sought compensatory and punitive damages for various claims relating to criminal and civil state court proceedings.[1] Dkt. No. 3 at 4-6. Spuck also requested that the District Court enjoin the Commonwealth from recovering debts he owes and pursuing contempt charges against him.[2] Id. at 6; Dkt. No. 4. The District Court, over Spuck's objections, adopted the Report and Recommendation of a Magistrate Judge, denied Spuck's motion for a preliminary injunction, and dismissed

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Our review is limited to the record before the District Court, which did not include specific information about the state court proceedings. See In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts, 913 F.2d 89, 96 (3d Cir. 1990). We do not search unspecified state court records in an attempt to clarify an appellant's arguments.

[2] Although Spuck categorized the debts as restitution, the state court order accompanying his motion for a preliminary injunction indicated that he owes no restitution. Dkt. No. 4-1. The history of Spuck's debt is unclear.

the complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2). Dkt. No. 7. Spuck filed this timely appeal.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's sua sponte dismissal of Spuck's complaint. Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020). We review the District Court's denial of Spuck's motion for a preliminary injunction for "abuse of discretion, an error of law, or a clear mistake in the consideration of proof." Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004) (internal quotation marks and citation omitted).

On appeal, Spuck challenges only the District Court's denial of his requests for injunctive relief. C.A. Dkt. No. 5 at 2-3. To the extent Spuck requested that the District Court intervene in a pending criminal contempt proceeding against him, the District Court correctly determined that it must abstain from doing so.[3] See Younger v. Harris, 401 U.S. 37, 45 (1971) (explaining that federal courts have power to enjoin state officers from instituting criminal actions only "where the danger of irreparable loss is both great and immediate"). The extraordinary circumstances that would allow such interference do not exist here, and we discern no abuse of discretion by the District Court in denying Spuck's request.

Spuck also asks that we direct the Commonwealth to suspend the collection of his debts while his contempt proceeding is pending. C.A. Dkt. No. 5 at 3. However, Spuck's

---

[3] Spuck's filings do not reveal the exact nature of the Commonwealth's contempt proceedings. Regardless, even if Spuck's request for intervention was related to civil contempt proceedings, that, too, is squarely barred by Younger. See Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 78-79 (2013).

vague assertions regarding this request are void of any information demonstrating that injunctive relief is warranted.  <u>See</u> <u>Kos Pharms.</u>, 369 F.3d at 708 (explaining a party's burden in seeking a preliminary injunction).

Accordingly, we affirm the judgment of the District Court.